IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>**ARTHUR QUINTANA**, )<br>)<br>    Defendant. ) | No. CR 21-991 DHU |

**UNITED STATES' AMENDED NOTICE OF INTENT TO
OFFER EVIDENCE PURSUANT TO FED. R. EVID. 609**

The United States of America hereby respectfully provides amended notice that it may introduce impeachment evidence, pursuant to Fed. R. Evid. 609, should Defendant testify on his own behalf at trial.

**I. DISCUSSION**

If Defendant testifies at trial, evidence of his prior convictions should be independently admissible as *res gestae* of the act alleged in the single count Indictment – being that Mr. Quintana was a previously-convicted felon at the time he possessed the firearms and ammunition at issue here. Additionally, some of his prior convictions are admissible to impeach his credibility, pursuant to Fed. R. Evid. 609. Rule 609(a)(1) provides that evidence of a criminal defendant's prior felony convictions may be admitted for the purpose of attacking that defendant's credibility as a witness if the court finds the probative value of the convictions outweighs their prejudicial effect. Rule 609(b) excludes evidence of a prior conviction that is more than ten years old, unless the defendant served a term of confinement and was released

within the ten-year period or unless the court determines that the probative value of the old conviction substantially outweighs its prejudicial effect.

The specific evidence the United States intends to introduce is as follows:[1]

1) On June 24, 2007, defendant committed possession of a deadly weapon by a prisoner, a second degree felony, and pleaded no contest. District Court of New Mexico, Second Judicial District, D-202-CR-2007-05232. Defendant was initially sentenced to 9 years' custody with 6 years suspended, 2 years of parole and 4 years of supervised probation. On June 30, 2010 defendant's probation was revoked and he was ordered to serve 730 days' custody. He was released from that period of incarceration within 10 years of the instant offense.

2) On May 21, 2013, the defendant committed residential burglary, a 3rd degree felony, and criminal damage to property (over $1,000), a 4th degree felony. He was sentenced to 18 months of custody for count 1 and 3 years of custody for count 2. He was not sentenced for these crimes until 2016, when he pleaded guilty, and the sentences were ordered to run consecutively with the 2016 crime listed below. District Court of New Mexico, Second Judicial District, D-202-CR-2016-01078.

3) On January 17, 2016, Defendant committed crimes for which he was charged with receiving or transferring a stolen vehicle (possession), a 4th degree felony. He later entered a guilty plea that was accepted and recorded by the District Court of New Mexico, Second Judicial District, D-202-CR-2016-1079. Defendant was sentenced to 18 months' custody to run consecutive to the sentence he received in D-202-CR-2016-01078.

---

[1] Information for this filing is derived from the U.S. Probation Office Pretrial Services Report (doc. 14) and from filings from New Mexico Courts. Documentation regarding these convictions was previously provided as discovery to counsel for Defendant.

Defendant's prior felony convictions addressed herein are subject to the ordinary balancing test of Rule 609(a)(1). The United States submits that the probative value, if Defendant testifies, will outweigh the prejudicial effect because the jury will not be able to fully evaluate Defendant's credibility as a witness unless the jury is told the full story of his prior propensity for disregarding the law.

This notice is not intended to limit the United States' ability to offer evidence of these felony convictions on other bases, including but not limited to the need to test evidence offered by the defense under Rules 404(a)(1), 405, 406, and 608 of the Federal Rules of Evidence and/or to use as impeachment evidence by the United States under Rules 801(d) or 803 of the Federal Rules of Evidence. The United States retains the right to amend this notice should further information become available.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court allow the introduction of Defendant's prior felony convictions, as included herein, should Defendant take the stand in his own defense.

        Respectfully Submitted,

        ALEXANDER M.M. UBALLEZ
        United States Attorney

        *Electronically filed on June 3, 2022*
        ALEXANDER F. FLORES
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 346-7274

I HEREBY CERTIFY that on June 3, 2022,
I filed the foregoing electronically through the

CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/
ALEXANDER F. FLORES
Assistant United States Attorney