IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**ARTHUR QUINTANA,** )<br>)<br>Defendant. ) | No. CR 21-991 DHU |

### UNITED STATES' UNOPPOSED FIRST MOTION IN LIMINE FOR A LAFLER-FRYE HEARING

The United States respectfully moves this Court to inquire, prior to trial in this matter, whether defense counsel communicated to Defendant the plea offer extended by the United States. Defendant was contacted for his position on this motion and does not oppose.

1. Under *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), a defendant has the right to effective assistance of counsel during pre-trial plea negotiations, including as to plea offers that lapse or are rejected. The United States extended a written plea offer to Defendant via his counsel, Ms. Meredith Baker, in an email dated May 3, 2022. Per discussions with Ms. Baker, Defendant has rejected the plea offer from the United States and desires to proceed to trial.

2. In the event Defendant is convicted at trial and subsequently brings a claim under 28 U.S.C. § 2255 alleging that his attorney failed to effectively convey the United States' plea offer to him, the United States respectfully requests the Court undertake an inquiry on the record prior to trial to establish a clear record of these matters. For the Court's convenience, the United States provides the following as an example of the language the Court could use during such an inquiry:

I am informed that the government made you a plea offer that you rejected.

Do not tell me about the content of any discussion between you and your counsel. Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following questions:

First, did you discuss with your attorney the plea offer made by the government?

Second, are you satisfied that, prior to rejecting the plea offer, you had a full and complete opportunity to discuss the plea offer with your attorney?

3. As in all cases, the United States does not request that the Court inquire as to the substance of attorney-client communications, "but rather to determine the simple factual question whether [Defendant's] counsel communicated the United States' plea offer." *United States v. Begay*, 497 F.Supp.3d 1025, 1085 (2020) (Browning, J.).

                        Respectfully submitted,

                        ALEXANDER M.M. UBALLEZ
                        United States Attorney

                        *Electronically filed on June 3, 2022*
                        ALEXANDER F. FLORES
                        Assistant United States Attorney
                        P.O. Box 607
                        Albuquerque, New Mexico 87103
                        (505) 346-7274

I HEREBY CERTIFY that on June 3, 2022, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*_____
ALEXANDER F. FLORES
Assistant United States Attorney