IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CR 21-991 DHU |
| | ) |
| **ARTHUR QUINTANA**, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' UNOPPOSED FOURTH MOTION IN LIMINE TO ALLOW THE USE OF TRANSCRIPTS AS DEMONSTRATIVE AIDS

The United States respectfully moves this Court for an order allowing the use of transcripts of the recorded statements of Defendant and others as demonstrative aids for the jury.

Counsel for the Defendant was contacted for their position and Defendant does not oppose this motion.

**1) Summary of Facts**

On July 15, 2021 a federal grand jury returned an indictment charging Defendant with one count of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. 4).

The indictment alleges that on June 6, 2021 the Defendant unlawfully possessed 2 firearms and accompanying ammunition, knowing that he was a previously convicted felon who was prohibited from possessing those items. That day, A.M. went to check on a residence that belonged to her recently deceased brother. Upon entering the home, A.M. observed several strangers, including the defendant. When she confronted them, defendant fled outside and got in

his Ford Explorer, attempting to leave the scene. A.M. rushed out and stood in front of his vehicle while she called 911.

She told Deputies that once she was in front of the Explorer, Defendant pulled a handgun out and pointed it at her. She feared she would be shot and jumped out of the way as defendant drove off. She also stated that she was unsure if he had actually shot a round because she heard a loud bang during the commotion.

Nearby Bernalillo County Sheriff Office Deputies responded to the call and observed defendant in his Explorer driving toward the mobile home park exit. Due to information that the driver had trespassed, had a firearm, pointed it at someone, and possibly fired a round, Deputies initiated a high-risk stop and gave Defendant commands to exit the vehicle. Thereafter, he was restrained pending further investigation.

From the point of first contact through to booking at the Metropolitan Detention Center, Defendant spoke with Deputies about what happened and about his possessing firearms. He made admissions about possessing the firearms and ammunition and to knowing that he was a prohibited person. The recordings are central evidence in the government's case against Defendant and will be presented to the jury for their evaluation.

2) **Discussion**

In its case-in-chief the United States will seek to introduce the relevant contents of video-recorded statements made by Defendant on June 6, 2021 during separate conversations with law enforcement. The United States respectfully requests the Court to allow the use of transcripts for the relevant contents of the recordings of Defendant's interviews as demonstrative aids to assist the jury and the Court to understand the recordings.

Federal Rule of Evidence 611(a)(1) provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth." "Federal Rule of Evidence 611 confers on trial court[s] discretion to control the presentation of evidence, including the use of demonstrative evidence." *United States v. Garcia*, 334 F. App'x 609, 614 (5th Cir. 2009) (unpublished) (internal quotations omitted). "Allowing the use of ... pedagogical devices intended to present the government's version of the case is within the bounds of the trial court's discretion to control the presentation of evidence.... Such demonstrative aids typically are permissible to assist the jury in evaluating the evidence, provided the jury is forewarned that [they] are not independent evidence." *Id*. Demonstrative aids include transcripts to assist the jury understand the witness statements contained in the audio recordings. See *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (transcripts may be admitted to assist the trier of fact); and *United States v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990) (limited use of transcripts is in the discretion of the trial court).

It is well-settled in this circuit that, when a recording is in English, the recording itself is the substantive evidence, and transcripts of that recording are merely demonstrative aids to help the finders of fact in understanding the evidence. The Tenth Circuit Criminal Pattern Jury Instructions (2021) specifically call for the use of transcripts where audio/video recordings are admitted:

> During this trial, you have heard sound recordings of certain conversations. . . . You were also given transcripts of those recorded conversations. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said.

Instruction 1.40, <u>Cautionary Instruction During Trial</u>. When this rule is applied, the jurors are usually instructed that "[i]f you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read." *Id*.

In the instant case, the Court should exercise its discretion and determine that the transcripts can be offered by the United States in its case-in-chief as demonstrative aids.

The subject transcripts are not yet available to attach as exhibits but have been requested. They will be produced to the Court and counsel upon receipt.

**3) <u>Conclusion</u>**

Because the United States carries the burden of proof, it must be allowed to present evidence in the manner it sees fit within the confines of the Rules of Evidence. Thus, the United States respectfully requests a pre-trial ruling allowing the use of transcripts as demonstrative aids for the relevant contents of the video recordings of Defendant's interviews.

                                                  Respectfully submitted,

                                                  ALEXANDER M.M. UBALLEZ
                                                  United States Attorney

                                                  *Electronically filed on June 3, 2022*
                                                  ALEXANDER F. FLORES
                                                  Assistant United States Attorney
                                                  P.O. Box 607
                                                  Albuquerque, New Mexico 87103
                                                  (505) 346-7274

I HEREBY CERTIFY that on June 3, 2022, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
ALEXANDER F. FLORES
Assistant United States Attorney