IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) Crim. No. 21-991 DHU
**ARTHUR QUINTANA**, )
Defendant. )

**UNITED STATES' OPPOSED FIFTH MOTION IN LIMINE REGARDING EVIDENCE OF CIRCUMSTANCES UNDER WHICH LAW ENFORCEMENT ENCOUNTERED THE DEFENDANT**

Pursuant to Rule 104 of the Federal Rules of Evidence, the United States hereby moves this Court for a pretrial order allowing the United States to admit evidence at trial about the circumstances under which law enforcement encountered the Defendant on the date of his arrest on June 6, 2021. The United States contacted counsel for the Defendant and the Defendant opposes the motion. In support of this motion, the United States submits as follows:

## I. Summary of Facts

On June 6, 2021 the Defendant unlawfully possessed 2 firearms and accompanying ammunition, knowing that he was a previously convicted felon who was prohibited from possessing those items. That day, A.M. went to check on a residence that belonged to her recently deceased brother. Upon entering the home, A.M. observed several strangers, including the Defendant. When she confronted them, Defendant fled outside and got in his Ford Explorer, attempting to leave the scene. A.M. rushed outside and stood in front of his vehicle while she called 911.

A.M. told 911 that once she was in front of the Explorer, Defendant pulled a handgun out and pointed it at her. A.M. feared she would be shot and jumped out of the way as Defendant drove off. A.M. also stated that she was unsure if Defendant had actually shot a round because she heard a loud bang during the commotion.

Nearby Bernalillo County Sheriff Office Deputies responded to the call and observed Defendant in his Explorer driving toward the mobile home park exit. Due to information that the driver had trespassed, had a firearm, pointed it at someone, and possibly fired a round, Deputies initiated a high-risk stop and gave Defendant commands to exit the vehicle. Thereafter, he was restrained pending further investigation.

During his interaction with law enforcement, Defendant said that he found two firearms and ammunition on the patio of the mobile home amid the altercation and took possession of them in order to make the scene more safe.

However, when the firearms were taken into custody, law enforcement found that there was a discharged round in one of the revolver barrels. Further, when Defendant was detained he had a black pistol holster woven into his belt.

## II. <u>Discussion</u>

Evidence of how and why the Defendant was encountered by law enforcement officers is admissible at trial because such evidence "provides the context for the crime, is necessary to a full presentation of the case, [and] is appropriate in order to complete the story of the crime on trial by proving its immediate context or the res gestae."[1]

---

1 *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995); *United States v. Zuni*, 2006 WL 4109664 *6 (D.N.M. 2006). The circumstances leading up to the defendant's arrest are "inextricably intertwined with proper evidence," *United States v. McVeigh*, 153 F.3d 1166 (10th Cir. 1999), and therefore the

As the *Hardy* Court explained:

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense.

*United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (internal citation omitted).

Evidence of how and why police officers encountered the Defendant in June 2021 is proper res gestae evidence. Specifically, the United States requests that the Court allow the United States to present at trial the following res gestae evidence:

1) Law enforcement officers received a call, through 911 dispatch, about trespassing at a home in Albuquerque, NM.
2) They also learned that an individual had fled the scene in a red/orange Ford Explorer.
3) That individual fled in haste and hit a pole supporting a carport at the home. Paint from the pole was transferred to Defendant's bumper, which was observed and photographed after he was later stopped.
4) The individual who fled pulled a firearm, pointed it at the 911 caller, and may have fired the weapon.
5) When law enforcement arrived in the vicinity of the subject mobile home, the red/orange Ford Explorer was observed leaving the mobile home park.
6) Deputies conducted a high-risk stop and temporarily restrained Defendant.
7) After several excited utterances from Defendant and further investigation by other

---

circumstances should be admissible at trial. *See also United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (defining res gestae as "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.")

Deputies on scene, Defendant was formally arrested and provided with a *Miranda* advisement.

8) After the firearms were collected in evidence, law enforcement found that one round had been discharged from a revolver. As is typical, the bullet casing remained in the revolver chamber that had not been emptied.

## III. Conclusion

The United States requests that the Court enter an order *in limine* permitting the introduction of evidence regarding the circumstances that led to the Defendant's encounter with law enforcement officers on or about June 6, 2021. The aforementioned evidence is proper res gestae evidence.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

*Electronically filed June 3, 2022*
ALEXANDER F. FLORES
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that on June 3, 2022, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
ALEXANDER F. FLORES

Assistant United States Attorney